Mr. Chief Justice ShaRkey
delivered the opinion of the Court.
The appellant, on the 26th of April, 1841, presented his petition to the Probate Court of Claiborne county, in which it is stated, that as the administrator on the estate of Scanlan, deceased, he had “ a claim,” amounting to about fj600, against the estate of Amos Whiting. The most material allegations of the petition are, that *339 an order had been granted to authorize the administrators to sell Whiting’s estate ; that debts due the estate had not been accounted for by the administrators in their inventory ; that a correct account of the crops raised on the plantation had not been accounted for ; that the administrator Rhodes had purchased at sheriff’s' sale eleven negroes, belonging to the estate, with the money thereof; that he had not accounted for rents and profits of real estate re*-ceived by him, for wood sold to steamboats, and for the profits of a market garden, &c. The prayer is, that the administrators may be compelled to account, and required to give new security. Rhodes answered this petition, and stated that up to the time of his intermarriage with the widow, Lake the other administrator had the entire control of the estate, and was responsible. He denies all the allegations, charging him with mismanagement and failure to account, and avers that he had fully accounted. After the answer, the petitioner obtained leave to amend, and he charges a failure to account for the profits of the slaves and plantation. This charge is denied by the answer. Afterwards, at September term, 1841, Rhodes’s account of his administration was referred by the Court to auditors, who subsequently reported a large balance in favor of Rhodes, and the' report was received and confirmed by the Court. At October term, 1841, the letters of administration w'ere revoked for want of additional security,'and administration was granted to Creighton, who was ordered to pay Rhodes the amount found in his favor by the auditors. At November term, 1841, the petitioner again obtained leave to amend, and in his amended petition prayed that the order confirming the report of the auditors might be vacated. This the Court refused to do, and dismissed the petition. The answers to the several amended petitions do not, by any admission, lay the foundation for any action of the Court, and there was no proof introduced.
In the outset of this inquiry, the appellant has to encounter a difficulty, arising from the attitude in which he placed himself before the Probate Court. He has averred that, as the administrator of Scanlan, he has “ a claim ” against the estate of Whiting ; but he has not averred whether it was á legally authenticated claim, such as'the administrator was bound to pay or not. Nothing is said as to *340 the nature or character of the claim. But supposing it to be a valid demand, he has not shown that it was likely to be prejudiced by the acts of the administrator. He does not aver an insufficiency of assets, or the insolvency of the estate. For anything that we can know from this record, it may be the only debt against the estate, except that decreed to Rhodes, and the estate may be more than able to pay both. His attitude is that of a general creditor, whose claim is not jeopardized, seeking to coerce the administrator to perform his duty generally. There is no apparent impediment to a recovery of the claim by suit.
But suppose that he is entitled to a remedy, and that the course pursued is the proper one, still it will not follow that the judgment is erroneous. ' To determine this matter, let us look at the scope and object of the petition, and see what foundation is laid for relief. Th'e object of the petition was to coerce the administrator to render a full and fair account of all assets from all sources, and to require that further security should be given. After the petition was filed, it seems that Rhodes did render his account, which was referred by the Court to auditors, as the Court had a right to do. How. & Hutch. 4.03, sec. 66. The auditors reported a large balance in his favor, and their report was received and confirmed, by which it became the judgment of the Court. From that judgment, parties interested might have appealed, but the appellant failed to do so, and has shown no good reason for his failure. The Court did right in refusing to set aside the judgment, at a subsequent term, on the amended petition, which, even if the power of the Court were undoubted, shows no good reason why it should have been exercised. Then, in regard to the second object of the petition, to wit, that additional security should be given. Although the answer of Rhodes denies the insufficiency of the securities, and there was no proof on the subject, yet it seems the Court did revoke the letters, and granted administration to Creighton ; so that everything sought by the petition had been accomplished. If the allegations of the petition had remained unanswered, the Court could not have decreed more. It could not, from the face of the petition, have decreed that the claim of the petitioner should be paid by the administrator, for it does not appear as a claim which he would be justi *341 fied in .paying. It may be that the account of Rhodes, which was referred to auditors, whose report was confirmed, was in .some respects illegal; but if so, the proper remedy for correction should have been pursued. And it may be also that the estate had been reported insolvent, and that the claim was prejudiced ; but it does not so appear from the record. As the appellant, therefore, has shown no error to his prejudice, the judgment must be affirmed.